Shamsidin ALI a/k/a Robert
Saunders, Appellant

v.

Adult Bureau Chief Paul HOWARD;
Warden Rick Kearney; Deputy War-
den Michael Deloy; Lt. Earl Messick;
Lt. Joseph Johnson; Cpl. Fisher;
Thomas Carroll; Correctional Medi-
cal Systems; Jane Morgan; Anthony
J. Rendina; Capt. C. Segars; Commis-
sioner Stanley Taylor.

No. 09–1654.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action

Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 Oct. 29, 2009.

Opinion filed: Nov. 16, 2009.

Robert Saunders, Smyrna, DE, for Ap-
pellant.

Catherine C. Damavandi, Judy O. Ho-
das, Esq., Department of Justice, Wilming-
ton, DE, for Appellee.

Before: SLOVITER, AMBRO and
SMITH, Circuit Judges.

OPINION

PER CURIAM.

Robert Saunders (a/k/a Shamsidin Ali), a Delaware state inmate, appeals pro se from orders by the District Court granting the defendants' motions for summary judgment. Because the appeal is lacking in arguable legal merit, we will dismiss it under 28 U.S.C. § 1915(e)(2)(B).

I.

Before reviewing the District Court's orders, we must first address appellees' motion to vacate this Court's order granting Ali in forma pauperis status. Appellees move to revoke Ali's in forma pauperis status by arguing that he has three strikes under 28 U.S.C. § 1915(g). In turn, this Court directed appellees to supplement their motion with copies of any orders and/or opinions dismissing Ali's prior complaints as frivolous or for failure to state a claim upon which relief can be granted.

 Appellees filed a supplement identifying two cases in which Ali's civil actions were dismissed: *Ali v. Neal,* D. Del. Civ. No. 91-cv-00697-LON and *Ali v. Taylor,* D. Del. Civ. No. 00-cv-00804-RRM. We agree with appellees that each case constitutes a strike against Ali for the purpose of § 1915(g). Appellees also argue that *Sanders v. Taylor,* C.A. 01-2175, in which this Court affirmed the District Court's dismissal in C.A. No. 00-804-RRM, should count as a third strike against Ali. Pursuant to the language of § 1915(g), however, a prisoner is barred from bringing "an action or appeal in a court of the United States that was *dismissed* on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g) (emphasis added). The plain language of the statute thus limits the application of a strike to a dismissal, not an affirmance of a dismissal.

*See Jennings v. Natrona County Det. Ctr. Med. Facility,* 175 F.3d 775, 780 (10th Cir.1999). Accordingly, Ali may not be considered a third-striker for the purposes of this appeal.

However, after reviewing Ali's litigation history and considering the lack of merit in the instant appeal, we will dismiss the appeal under § 1915(e)(2). This dismissal constitutes Ali's third strike. Ali can no longer proceed in a civil action or appeal under § 1915 without prepayment of fees unless he demonstrates that he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

II.

Turning to the merits of the appeal, Ali initiated this lawsuit in February 2005. At this time, Ali was incarcerated at the Sussex Correctional Institute ("SCI"), but he was subsequently transferred to Delaware Correctional Center ("DCC"). The District Court permitted him to file two amended complaints to clarify the claims raised in his civil rights action filed pursuant to 42 U.S.C. § 1983 for alleged violations of the First, Eighth, and Fourteenth Amendments, as well as the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, and the Rehabilitation Act.[1] His complaint alleges that these violations occurred during his incarceration at both prisons.

Ali divided his Amended Complaint into four counts. In Counts I and III, he alleges that he was subjected to "illegal censoring of legal and personal mail" while incarcerated at SCI. According to Ali, as part of "a campaign of infringement [of his] First Amendment rights," various named defendants have opened, read, and re-taped all of his outgoing and incoming mail outside of his presence. Ali also sur-

---

1. Ali also alleged violations of Delaware state law, but failed to specify which laws.

mises that he was subjected to retaliatory actions after filing complaints regarding prison conditions at SCI, including racial disparities in inmate treatment, religious issues, and medical care.[2]

In Count II, Ali alleges that he is a "qualified individual with disabilities" under the ADA, 42 U.S.C. § 12132, and the Rehabilitation Act; yet, prison officials refused to provide him with reasonable accommodations. For example, Ali cites that he has been deprived of a cane for walking, served cold food three times a day, was forced to walk distances equivalent to a city block, and shackled for visits and interviews. Ali also alleges that his sick call requests and emergency grievances regarding his medical conditions were ignored. In addition to violations of the ADA, he alleges that prison officials' conduct rises to an Eighth Amendment violation.

Finally, in Count IV, Ali alleges that defendants failed to address his medical needs, also amounting to Eighth Amendment violations. Specifically, Ali alleges that defendants ignored his medical appointments, failed to address cold diets, and failed to consider his housing assignment in light of his physical disabilities. Additionally, he alleged that Correctional Medical Services, Inc. ("CMS"[3]) failed to address his sick-call requests and mistreat-

ed a condition which he believed was the initial stages of Methicillin–Resistant Staphylococcus Auerus ("MRSA") infection. Ali notes that he received medical treatment, was seen by various physicians, and received medication.

Defendant CMS moved for summary judgment, arguing, inter alia, that Ali failed to demonstrate deliberate indifference under the Eighth Amendment and that a § 1983 claim cannot be maintained under a theory of respondeat superior. The remaining defendants, collectively identified as "State Defendants," also moved for summary judgment based on a number of arguments, including qualified immunity and that Ali fails to demonstrate that any of his allegations amount to violations of federal or constitutional law.[4]

The Magistrate Judge recommended granting summary judgment in favor of all defendants. The District Court agreed, adopted the report as the opinion of the court, and denied Ali relief, as well as all other pending motions. Ali timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. Because Ali is proceeding in forma pauperis, we must dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B) if it is lacking in arguable merit. *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct.

---

**2.** Ali also alleges that prison officials violated his rights by ignoring his medical condition when he was re-classified and transferred to DCC. The District Court correctly dismissed this claim at an earlier point in the litigation. *See e.g., Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) (Due Process Clause not implicated by prison officials' decisions concerning inmate classifications); *Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Ali also admitted at his deposition that this new housing assignment made one of his requested accommodations unnecessary, and therefore, his claim is moot.

**3.** Ali improperly identified CMS as Correctional Medical Systems in his Amended Complaint.

**4.** Ali named defendant Segars who was never properly served with the complaint, and therefore, the District Court did not include him as a party or as part of the "State Defendants." In addition, although Ali originally sought damages from "Department of Corrections," he voluntarily filed a motion to dismiss DOC as a defendant, which the court granted. Ali also attempted to add claims against two new defendants, Ihuema Chuks and Crystal Austin, but the District Court did not grant leave to add these new parties.

1827, 104 L.Ed.2d 338 (1989). Our review is plenary. *See Kaucher v. County of Bucks,* 455 F.3d 418, 422 (3d Cir.2006). Summary judgment is proper if the record demonstrates that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

### III.

The Supreme Court has recognized that prisoners have protected First Amendment interests in both sending and receiving mail. *See Thornburgh v. Abbott,* 490 U.S. 401, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989); *Turner v. Safley,* 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). However, the rights of prisoners "must be exercised with due regard for the 'inordinately difficult undertaking' that is modern prison administration." *Thornburgh,* 490 U.S. at 407, 109 S.Ct. 1874 (quoting *Turner,* 482 U.S. at 85, 107 S.Ct. 2254).

As the District Court found, Ali explained that his dissatisfaction with the prison mailroom stemmed from "about five or six" letters that were opened outside of his presence. At his deposition, Ali stated that the letters were from two senators and a U.S. Representative, which do not constitute legal mail and are not otherwise deserving of greater constitutional protection. *See Fontroy v. Beard,* 559 F.3d 173, 174 (3d Cir.2009). Furthermore, defendants set forth a reasonable justification for tracking Ali's mail: Ali violated the mail policy by sending correspondence to another inmate. Defendants note that the prison advised him that his mail would be searched, as long as it was not clearly marked "Legal Mail." Ali provides no evidence to support that the allegedly "five or six" opened letters were marked as legal mail,[5] and therefore, he cannot establish a First Amendment violation. Summary judgment was proper.

Ali's claims involving retaliation are also without merit. To show retaliation, a prisoner must demonstrate that he was engaged in constitutionally protected conduct, that the prison officials caused him to suffer "adverse action," and that his constitutionally protected conduct was a motivating factor in the officials' decision to discipline him. *Carter v. McGrady,* 292 F.3d 152, 157–58 (3d Cir.2002) (citing *Rauser v. Horn,* 241 F.3d 330, 333 (3d Cir.2001)). However, prison officials may still prevail by proving that they would have made the same decision even if the prisoner were not engaging in constitutionally protected conduct. *Rauser,* 241 F.3d at 334.

■ Here, Ali cannot show that prison officials would not have opened his mail if he had not filed grievances or complaints regarding prison conditions. As defendants show, Ali's mail was opened based on his violation of the prison mail policy. To the extent that he argues that his transfer from SCI to DCC constituted retaliation, defendants note that he requested this transfer, and thus, cannot be considered an "adverse action." *Carter,* 292 F.3d at 157–58. In addition, at DCC he continues to exercise his First Amendment rights in substantially the same way as he did at SCI.

In addition, the District Court broadly construed Ali's allegation that prison officials were engaged in a "campaign of infringement" to find that Ali pled a conspiracy claim. These bare conclusory allegations are insufficient to sustain a conspiracy claim. *See D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch.,* 972 F.2d 1364, 1377 (3d Cir.1992) ("[m]ere conclusory allegations of depri-

---

**5.** At his deposition, Ali stated that one letter he had written to a lawyer was opened but that the prison stated that it was opened by mistake.

vations of constitutional rights" are insufficient to state a conspiracy claim (citation omitted)); *Rose v. Bartle,* 871 F.2d 331, 366 (3d Cir.1989) (allegations supporting a conspiracy claim under civil RICO must be sufficiently specific). Moreover, defendants had legitimate reasons for opening Ali's personal mail.

## IV.

■ Although Ali asserts that he is a "qualified individual" under the ADA and the Rehabilitation Act, he has provided no evidence to support the claim that he has a "disability" as defined by either statute. *See* 42 U.S.C. § 12102; 29 U.S.C. § 705(20). During his deposition, Ali testified that he is able to walk without the assistance of a cane. Additionally, cold food or the occasional deprivation of coffee does not constitute discrimination based on disability, as dissatisfaction with prison conditions does not state a violation under either the ADA or Rehabilitation Act. Ali also failed to point to any specific jobs or programs that he had applied for and was excluded from or discriminated against on the basis of his disability. *Taylor v. Phoenixville Sch. Dist.,* 184 F.3d 296, 306 (3d Cir.1999). His expectation of being free from waist chains and shackles during movement about the facility does not state a claim under the ADA or the Rehabilitation Act.

## V.

Finally, to show a violation under the Eighth Amendment, Ali must show "(1) that the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious." *Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir.1999) (citing *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). This requires Ali to demonstrate that prison officials had a "sufficiently culpable state of mind." *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811

(1994). Specifically, deliberate indifference requires Ali to show that prison officials knew of an excessive risk to his health or safety and affirmatively disregarded that risk. *Id.* at 837–38, 114 S.Ct. 1970.

■ As the District Court properly found, the record demonstrates that Ali received ongoing treatment for his medical conditions. Ali even admitted in his Amended Complaint and at deposition that he received medical attention, including treatment by a dermatologist and medications to treat his skin condition. Rather, the dispute between Ali and defendants involves the extent and course of his treatment, which does not state a constitutional violation under the Eighth Amendment. *Spruill v. Gillis,* 372 F.3d 218, 235 (3d Cir.2004) ("mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation). Notably, defendants provide evidence that Ali admitted at his deposition that no doctor has ever diagnosed him with MRSA. Moreover, the record shows that Ali received treatment by employees of CMS between 2005 and 2007, which included dermatological diagnosis and treatment. To the extent that Ali alleges that defendants were negligent in not responding sooner to his medical needs, he does not state a claim for relief. *See Monmouth County Corr. Institutional Inmates v. Lanzaro,* 834 F.2d 326, 346 (3d Cir.1987) (citing *Estelle,* 429 U.S. at 106 & n. 14, 97 S.Ct. 285). Ali also fails to provide evidence showing that defendants acted with "sufficiently culpable state of mind." *Farmer,* 511 U.S. at 834, 114 S.Ct. 1970. Finally, to the extent that Ali raises additional medical conditions involving his high blood pressure, he cannot establish an Eighth Amendment claim against defendants, as the record confirms that he received treatment and

medications. Summary judgment was proper.

## VI.

Finally, the Magistrate Judge determined that Ali intended to sue State Defendants in both their individual and official capacities based on how he listed most of the individual defendants by name and job title, and sought punitive damages from these defendants in the Amended Complaint. Qualified immunity shields these defendants in their individual capacities from damages suits so long as their conduct does "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *see also Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 254 (3d Cir.1999). We agree, based on the discussion above, that the state defendants are entitled to qualified immunity because their conduct did not rise to constitutional violations. *See Pearson v. Callahan*, —— U.S. ——, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).

■ Furthermore, as the Magistrate Judge found, the state defendants are entitled to summary judgment from liability in their official capacities based on Eleventh Amendment immunity. As the State of Delaware did not waive its Eleventh Amendment immunity, we agree that Ali's § 1983 claims against defendants for monetary damages are barred. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

## VII.

Ali's appeal is lacking in arguable legal merit, and we will dismiss it under 28 U.S.C. § 1915(e)(2)(B). Ali's motion for appointment of counsel is denied as moot, and his motion demonstrating imminent danger is denied as unnecessary. Appellees' motion to revoke Ali's in forma pauperis status is denied.